UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

LOORE PERI,

                                   Plaintiff,

        -against-

CITY OF NEW YORK, RICHARD CARPENTER, Individually,
and ADAM VALERIO, Individually,

                               Defendants.

-------------------------------------------------------------------------------X

          **AMENDED
COMPLAINT**

          15 CV 3683 (AKH)

          <u>Jury Trial Demanded</u>

      Plaintiff LOORE PERI, by her attorney, Brett H. Klein, Esq., complaining of the defendants, respectfully alleges as follows:

<u>**Preliminary Statement**</u>

      1.     Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of her civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

<u>**JURISDICTION**</u>

      2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

      3.     Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

<u>**VENUE**</u>

      4.     Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.     Plaintiff Loore Peri is a fifty-six-year-old woman who resides in New York County.

7.     Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.     That at all times hereinafter mentioned, the individually named defendants, Richard Carpenter and Adam Valerio were duly sworn officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

## FACTS

12.     On February 11, 2014 at approximately 12:45 p.m., plaintiff Loore Peri was

lawfully present inside the post office located at 4558 Broadway, New York, New York 10040.

13.    Defendant NYPD Officers Richard Carpenter and Adam Valerio approached plaintiff at which time defendant Carptenter told her to get out of the post office.

14.    Plaintiff responded that she had an appointment to meet the post office manager at 11 a.m., and that she wanted to wait to see the manager.

15.    Defendant Carpenter said to plaintiff, "Do you want me to pull you out by your hair and throw you in the snow"?

16.    Plaintiff replied, in sum and substance, "Are you serious?"

17.    Defendant Carpenter thereafter approached Ms. Peri, grabbed her by the hair, and pulled her out to the sidewalk by her hair.

18.    Once outside, Carpenter let go of Ms. Peri's hair and walked back into the post office.

19.    Ms. Peri went back in to get defendants Carpenter and Valerio's names.

20.    When she got inside, she observed defendants Carpenter and Valerio standing near the post office manager that she had been waiting to see.

21.    Defendant Carpenter stated to plaintiff, "You're back?" and "Why?"

22.    Defendant Carpenter thereafter approached Ms. Peri and grabbed her roughly by her left arm without consent, privilege, or any other justification.

23.    Defendant Carpenter again pulled Ms. Peri outside and unreasonably pushed Ms. Peri onto the sidewalk, causing her to land on the sidewalk injuring her hand and arm.

24.    Carpenter again went back inside the post office.

25.    Among other complaints, Ms. Peri felt pain up her arm and felt her fingers were getting swollen.

3

26.     Ms. Peri proceeded from that location to defendant Carpenter's precinct, the NYPD 34th precinct, located at 4295 Broadway, New York, New York 10033, to file a complaint.

27.     A lieutenant from the 34th precinct wrote out a civilian complaint for Ms. Peri, and facilitated Ms. Peri's transport via ambulance to Columbia Presbyterian Hospital, where she was treated and released several hours later.

28.     As a result of defendant Carpenter's unjustified use of force and abuse of authority, as well as defendant Valerio's failure to intervene, Ms. Peri has had to receive ongoing medical treatment.

29.     All of the above occurred while defendant Valerio failed to intervene in the illegal conduct described herein.

30.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees, and pursuant to a practice of falsification that fosters cover ups of abuse of authority.

31.     The aforesaid event is not an isolated incident.  Defendant City of New York is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the City's Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding: the use of force.

32.     Defendant City of New York is further aware that such improper training has often resulted in a deprivation of civil rights.  Despite such notice, defendant City of New York has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiffs' civil rights.

33.     Moreover, upon information and belief, defendant City of New York was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant City of New York has retained these officers, and failed to adequately train and supervise them.

34.     As a result of the foregoing, plaintiff Loore Peri sustained, *inter alia*, physical injuries, mental anguish, and deprivation of her liberty and constitutional rights.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Excessive Force Under 42 U.S.C. § 1983)

35.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "34" with the same force and effect as if fully set forth herein.

36.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

37.     All of the aforementioned acts deprived plaintiff Loore Peri of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

38.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

39.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

40.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

41.     The level of force employed by defendant Carpenter was excessive, objectively unreasonable and otherwise in violation of plaintiff Loore Peri's constitutional rights.

42.     As a result of the aforementioned conduct of defendants, plaintiff Loore Peri was subjected to excessive force and sustained physical injuries.

43.     As a result of the foregoing, plaintiff Loore Peri is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

44.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45.     Defendant Valerio had an affirmative duty to intervene on behalf of plaintiff Loore Peri, whose constitutional rights were being violated in his presence by other Carpenter.

46.     Defendant Valerio failed to intervene to prevent the unlawful conduct described herein.

47.     As a result of the foregoing, plaintiff Loore Peri was subjected to excessive force.

48.     As a result of the foregoing, plaintiff Loore Peri is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees,

costs and disbursements of this action.

**AS AND FOR A THIRD CAUSE OF ACTION**<br>(<u>Municipal Liability under 42 U.S.C. § 1983</u>)

49.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

51.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included engaging in falsification to cover up abuse of authority.   In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff Loore Peri's rights as described herein.  As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant City has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

52.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff Loore Peri.

53.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff Loore Peri as alleged herein.

54.     The foregoing customs, policies, usages, practices, procedures and rules of the

7

City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff Loore Peri as alleged herein.

55.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff Loore Peri was subjected to excessive force and failure to intervene.

56.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff Loore Peri's constitutional rights.

57.     All of the foregoing acts by defendants deprived plaintiff Loore Peri of federally protected rights, including, but not limited to, the right:

        A.     To be free from the use of excessive force; and

        B.     To be free from the failure to intervene.

58.     As a result of the foregoing, plaintiff Loore Peri is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### Supplemental State Law Claims

59.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60.     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the City of New York, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

61.     The City of New York has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim

as aforesaid.

62.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

63.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

64.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

65.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66.     Defendant Carpenter made offensive contact with plaintiff without privilege or consent.

67.     As a result of defendant Carpenter's conduct, plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

68.     Defendant City, as employer of the defendant Carpenter, is responsible for his wrongdoing under the doctrine of *respondeat superior*.

69.     As a result of the foregoing, plaintiff Loore Peri is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

70.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71.     The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

72.     The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant City of New York.

73.     The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant City of New York.

74.     The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff.

75.     As a result of the aforementioned conduct, plaintiff suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

76.     Defendant City, as employer of the individually named defendant officers, is responsible for their conduct under the doctrine of *respondeat superior*.

77.     As a result of the foregoing, plaintiff Loore Peri is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

78.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "77" with the same force and effect as if fully set forth herein.

79.     Upon information and belief, defendant City of New York failed to use

reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the excessive use of force against plaintiff.

80.    Defendant City of New York knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

81.    As a result of the foregoing, plaintiff Loore Peri is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Negligent Training and Supervision under the laws of the State of New York)

82.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "81" with the same force and effect as if fully set forth herein.

83.    Upon information and belief the defendant City of New York failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the excessive use of force.

84.    As a result of the foregoing, plaintiff Loore Peri is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Negligence under the laws of the State of New York)

85.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "84" with the same force and effect as if fully set forth herein.

86.     Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendant City of New York and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

87.     Defendant City, as employer of the individually named defendant officers, is responsible for their negligence under the doctrine of *respondeat superior*.

88.     As a result of the foregoing, plaintiff Loore Peri is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff Loore Peri demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: New York, New York
       January 7, 2016

                            BRETT H. KLEIN, ESQ., PLLC
                            Attorneys for Plaintiff Loore Peri
                            305 Broadway, Suite 600
                            New York, New York 10007
                            (212) 335-0132

                            By:     _/s/ Brett Klein_____
                                    BRETT H. KLEIN (BK4744)

12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

LOORE PERI,

                                        Plaintiff,

                                                                        15 CV 3683 (AKH)

            -against-

CITY OF NEW YORK, RICHARD CARPENTER, Individually,
and ADAM VALERIO, Individually,

                                        Defendants.

--------------------------------------------------------------------------------X


**AMENDED COMPLAINT**


**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for Plaintiff Loore Peri
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132